UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-149-FDW

| | |
|---|---|
| DOUGLAS ALLEN ARNOLD, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NANCY A. BERRYHILL, ) <br> Commissioner of the Social Security ) <br> Administration, ) <br> ) <br> Defendant. ) <br> ) | ORDER |

THIS MATTER is before the Court on Plaintiff Douglas Allen Arnold's Motion for Summary Judgment (Doc. No. 12) and Defendant Commissioner of the Social Security Administration Nancy A. Berryhill's ("Commissioner") Motion for Summary Judgment (Doc. No. 14). Plaintiff seeks judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits ("DIB") and Supplemental Social Security Income ("SSI").

Upon review and consideration of the written arguments, administrative record, and applicable authority, for the reasons discussed below, Plaintiff's Motion for Summary Judgment is DENIED; the Commissioner's Motion for Summary Judgment is GRANTED; and the Commissioner's decision is AFFIRMED.

## I.   Factual Background

Plaintiff applied for Title II Disability Insurance Benefits and Title XVI Supplemental Social Security Income on August 14, 2013. (Tr. 41). He alleged to suffer from disability beginning on August 1, 2010. Id. Plaintiff's claims for both DIB and SSI were denied on October 18, 2013. Id. After a hearing upon reconsideration to ensure the consideration of total evidence

1

(Tr. 137), his claims were again denied on April 4, 2014. Id. Following this, an Administrative Law Judge (ALJ) found against Plaintiff on both claims on June 2, 2016. (Id. at 51). The Appeals Council denied Plaintiff's request of review on April 10, 2017. (Id. at 5). Plaintiff now appeals the Commissioner's decision before this Court.

Plaintiff alleges that the Commissioner's decision is not supported by substantial evidence and that the correct legal standards were not applied. (Doc. No. 13, p. 1). Plaintiff claims the ALJ erred by (1) failing to perform a function by function analysis of Plaintiff's ability to walk, stand, and sit; and (2) failing to evaluate Mr. Arnold's need to elevate his legs. Id. Specifically, Plaintiff asks for a favorable decision from this Court due to the allegation that the ALJ failed to make a finding regarding the duration of which Plaintiff can walk, stand, and sit and the allegation that the ALJ failed to make a finding regarding Plaintiff's alleged need to elevate his legs during the day. Id. at 2. Plaintiff alleges,

> The ALJ's failure to perform a function by function analysis of these relevant, contested functions was very harmful as Mr. Arnold's alleged limited ability to walk at one time constitutes an inability to ambulate effectively and the vocational expert ("VE") testified that if he needed to elevate his legs while sitting at waist level or higher for any sedentary job setting, he would be unemployable.

Id. Defendant, meanwhile, contends that the ALJ conducted a thorough analysis in his written decision in which he considered substantial evidence. (Doc. No. 15, p. 1).

## II. Standard of Review

This Court is authorized to review the final decision of the Commissioner of Social Security to deny social security benefits. 42 U.S.C. § 405(g). Two factors are essential to the Court's decision in determining whether the Commissioner made the correct determination. First, substantial evidence must exist that supports the decision of the Commissioner. Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). Substantial evidence is more than a mere

2

scintilla of evidence but less than a preponderance.  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1982).  It is evidence that a reasonable mind might accept as adequately supporting a conclusion. Id.  In making its determination, the Court will not reweigh evidence.  It is not the role of this Court to "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

Second, the Commissioner must have applied the correct legal standard.  Bird, 699 F.3d at 340.  The Commissioner must use a five-step process for social security claims.  20 C.F.R. § 404.1520.  The Commissioner asks, in sequence, whether the claimant: (1) participated in substantially gainful activity (SGA); (2) suffered from an impairment or combination of impairments that qualify as medically severe; (3) suffered from an impairment that met or equaled the severity of a listed[1] impairment; (4) can return to their past relevant work while assessing the residual functional capacity (RFC); and (5) if not, could perform other work in the national economy.  Id.  While the claimant bears the burden of proof for the first four steps, the burden shifts to the Commissioner for the fifth step.  Monroe v. Colvin, 826 F.3d 176, 180 (4th Cir. 2016).

At the end of the third step, the Commissioner makes a determination of the claimant's RFC.  Lewis v. Berryhill, 858 F.3d 858, 861-62 (4th Cir. 2017).  A claimant's RFC is relevant if the claimant does not meet a listed disability.  Id.  In the fourth step, the claimant must show they cannot perform the work of their past jobs to be successful.  Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015).  If the claimant is successful here, the burden shifts to the government for the final step to prove that a significant number of jobs exist in the national economy which are suitable for the plaintiff.  Lewis, 858 F.3d at 861-62.  The government typically attempts to meet this burden through the use of a vocational expert (VE).  Id. at 862.

---

[1] The Code of Federal Regulations lists certain conditions that, after satisfying the first two steps, automatically lead to a finding of disability.  20 C.F.R. app. § 404(p).

3

### III. Analysis

The ALJ found in favor of Plaintiff with respect to the first four steps of the five-step decisional process. Plaintiff's assignments of error arise out of final step of the five-step decisional process. Here, the ALJ concluded that despite Plaintiff's severe impairments, jobs exist in the national economy that Plaintiff could still perform. (Tr. 50-51). In making this decision, the ALJ took into account the advice of the vocational expert ("VE"), the RFC, and the claimant's age, education, and work experience. Id. at 50. Plaintiff argues: (1) the ALJ failed to engage in a function by function analysis of Plaintiff's time period regarding his ability to walk, stand, and sit; and (2) the ALJ failed to evaluate Plaintiff's alleged need to elevate his legs. (Doc. No. 13, p. 1).

First, Plaintiff argues the ALJ reached the wrong conclusion by finding Plaintiff can perform jobs in the national economy because the ALJ did not engage in a function by function analysis of Plaintiff's ability to walk, stand, and sit over a certain time period. Although Plaintiff succeeded in Step 4 regarding the ALJ's decision that he cannot perform his past work, Plaintiff essentially makes a Step 4 argument here that the ALJ did not develop the record adequately regarding the time period in which Plaintiff can walk, stand, and sit. Plaintiff claims, "[T]he ALJ did not make a finding regarding how long Mr. Arnold can walk, stand, or sit at one time[.]" Id. at 2. An "ALJ's failure to [conduct a function by function analysis] requires remand." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015).

Contrary to Plaintiff's argument, the ALJ did in fact make a finding as to the time period in which Plaintiff can walk, stand, and sit. The ALJ found:

> The state medical consultant opined… that the claimant… could stand and/or walk for about two hours in an 8-hour workday with normal breaks; and could sit for about 6 hours in an 8-hour workday with normal breaks… The consultant supported her opinion with an explanation… In sum, the above residual functional capacity assessment is supported by the claimant's treatment history and resultant objective

4

evidence, the results of consultative examinations, and other factors as discussed here.

(Tr. 49). The ALJ also noted, "State medical consultants are acceptable medical sources and are qualified to review medical issues in Social Security disability claims (SSR 96-6p)." Id. The ALJ adopted the state medical consultant's opinion and concluded, "I find that the claimant has the residual functional capacity … to stand or walk for approximately two hours in an 8-hour workday, and to sit for approximately 6 hours in an 8-hour workday with normal breaks[.]" Id. at 45. The ALJ furthermore noted that additional limitations exist. Id. Thus, this Court rejects Plaintiff's argument that the ALJ did not develop the record adequately with respect to the time period in which Plaintiff can walk, stand, and sit during a workday.

Second, Plaintiff argues the ALJ failed to evaluate Plaintiff's alleged need to elevate his legs. This claim is problematic for Plaintiff, however. First, the ALJ did evaluate—albeit briefly—Plaintiff's allegation regarding elevation of his legs. In the opinion, the ALJ notes:

> He can stand no more than 20 minutes at a time, sit no more than 20 to 25 minutes at a time, and walk no more than 30 to 40 feet at a time. *He lies down or sits with his legs elevated for some portion of the day.* He is limited in squatting, bending, kneeling, and stair climbing. He has difficulty using his right hand, particularly for fine manipulation.

(Tr. 46) (emphasis added). The ALJ then found:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these systems are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

Id. This "careful consideration of the evidence" includes Plaintiff's allegation of elevating his legs.

5

Next, Plaintiff claims the ALJ's evaluation fits within the Patterson problem of the ALJ failing to show his work. (Doc. No. 13 p. 8); See Patterson v. Comm'r Soc. Sec. Admin., 846 F.3d 656 (4th Cir. 2017). In Patterson, the court reasoned:

> [T]he dispute arises from a problem that has become all too common among administrative decisions challenged in this court – a problem decision makers could avoid by following the admonition they have no doubt heard since their grade school math classes: Show your work. The ALJ did not do so here, and this error rendered his decision unreviewable.

Patterson, 846 F.3d at 662-63. However, the facts in the case before the Court today are distinguishable from the facts in Patterson. The plaintiff in Patterson alleged a mental disability. The case dealt with this aspect as the circuit court found the ALJ erred by not following the "special technique" for evaluating alleged mental disabilities. Patterson, 846 F.3d at 657; See 20 C.F.R. § 404.1520a. Here, no mental disability is alleged, and thus the special technique is not relevant to determining this case.

More significantly, Patterson dealt with the ALJ considering the testimony of one physician while ignoring contradictory evidence from medical test results and other physicians. Here, while physician testimony and medical test results relating to Plaintiff's injuries exist, no such medical evidence exists for Plaintiff's need to elevate his legs. No medical test results or physician testimony suggesting the need for Plaintiff to elevate his legs were presented to the ALJ. The only testimony regarding the elevation of Plaintiff's legs came from Plaintiff himself. (Tr. 67, 80). As Defendant points out, Plaintiff's allegation "even if accepted, would not constitute a specific functional limitation; it is a statement of what Plaintiff allegedly did, not of what he allegedly could do, could not do." (Doc. No. 15, p. 4 n. 2). Given the lack of contrary (or any) medical testimony and the fact Plaintiff never alleged that he had a need to elevate his legs, the ALJ's discussion of the topic is sufficient and his decision is supported by substantial evidence.

## IV. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED; the Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED; and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Signed: June 19, 2018

Frank D. Whitney
Chief United States District Judge